UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WILLIAM G. MOORE, JR. *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 92-2288 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 319, 323 |
| | : | | |
| MICHAEL HARTMAN *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
GRANTING THE PLAINTIFFS' MOTION TO COMPEL

**I.   INTRODUCTION**

This civil case follows an unsuccessful federal fraud prosecution against plaintiff William Moore.  Exonerated of the criminal charges, Moore seeks civil damages for the alleged harm to his life and career.  Toward that end, Moore filed a *Bivens* suit against federal postal inspectors claiming that they unlawfully induced a federal prosecutor to bring the criminal case in retaliation for his speaking out against the postal service.  The plaintiff also filed an action against the United States under the Federal Tort Claims Act alleging malicious prosecution.

This matter is now before the court following a recent Supreme Court ruling in this case that the plaintiff must affirmatively prove the absence of probable cause as an element of his claim that postal inspectors successfully induced a federal prosecution.  The plaintiff moves to compel deposition testimony from a United States official regarding the factual bases for the government's contention that probable cause supported Moore's indictment and prosecution. The government opposes the motion, contending that it is cumulative, duplicative, inefficient, would be unduly burdensome on the United States, and that it concerns attorney work-product.

Meanwhile, the United States moves for summary judgment arguing that the plaintiff is unable to demonstrate a lack of probable cause. The government also seeks dismissal on qualified immunity grounds.

Because the changed legal landscape warrants a period of fact discovery as contemplated by the plaintiff, because the probative value of the discovery sought outweighs the burdensomeness and duplication risks the defendant fears, and because the scope of the plaintiff's inquest need not include discovery of attorney work-product information, the court grants the plaintiff's motion to compel. Accordingly, the court denies without prejudice the defendant's motion for summary judgment, and will entertain dispositive motions following this brief period of limited discovery.

## II.   BACKGROUND

### A.   Factual Background

The facts of the underlying case are set forth in numerous prior opinions and this opinion will not recount them in great detail here. *E.g.*, *Hartman v. Moore*, 126 S. Ct. 1695 (2006); *Moore v. United States*, 213 F.3d 705 (D.C. Cir. 2000); *Moore v. Valder*, 65 F.3d 189 (D.C. Cir. 1996). In 1989, after a district court found insufficient evidence to support a reasonable inference that Moore was aware of a scheme to defraud and steal from the United Sates Postal Service, the plaintiff brought separate *Bivens*[1] and Federal Tort Claims Act ("FTCA") claims in the Northern District of Texas against, *inter alia*, the Assistant United States Attorney ("AUSA") who prosecuted him and the Postal Inspectors who assisted in the case. *Valder*, 65 F.3d at 191.

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

The federal court in Texas dismissed the *Bivens* claims against the AUSA and transferred both cases to this district, where Judge Johnson consolidated the cases for all future purposes. *Id.* at 192.

Years of litigation have whittled down the plaintiff's original cases to a *Bivens* claim against the postal inspectors and a claim against the postal inspectors under the FTCA for malicious prosecution. Joint Status Report (Sept. 21, 2006) at 2.

With regard to the plaintiff's remaining *Bivens* claim, the Supreme Court ruled, on April 26, 2006, that in constitutional tort actions such as this one, in which the plaintiff alleges retaliation for constitutionally protected conduct through the successful inducement of a criminal prosecution, the plaintiff must prove the absence of probable cause. *Hartman*, 126 S. Ct. at 1706. Because this court never determined whether there was probable cause to support Moore's prosecution, the D.C. Circuit remanded to this court for further proceedings consistent with the Supreme Court's opinion. Remand Order (Aug. 23, 2006).

### B. Procedural History

Immediately following the D.C. Circuit's remand, the plaintiff moved to compel the United States to designate a witness for a deposition under Federal Rule of Civil Procedure 30(b)(6). Pls.' Mot. to Compel ("Pls.' Mot."). The United States, for its part, moved immediately for summary judgment, arguing that the plaintiff's request for additional discovery

notwithstanding, the plaintiff would be unable to demonstrate the absence of probable cause.[2]

Defs.' Mot. for Summ. J. at 18.  The court turns to the plaintiff's motion to compel.

### III.    ANALYSIS[3]

Now that the plaintiff is saddled with affirmatively proving a negative – the absence of probable cause – he seeks to depose a witness for the defendant under Federal Rule of Civil Procedure 30(b)(6) to "testify about the factual bases for the government's contention that probable cause supported Moore's indictment and prosecution."  Pl.'s Mot. at 2.  The defendant opposes this motion claiming that the plaintiff actually seeks "to compel the United States to reveal how it will marshal the voluminous record in this case to support its contention that Moore's prosecution was supported by probable cause."  Def.'s Opp'n at 1.  To the defendant, this type of discovery is cumulative, is unduly burdensome and seeks attorney work-product information.  *Id.* at 9-22.

---

[2]     In addition to these two motions, the parties have unfortunately become entangled in a spiraling web of vitilitigation: the defendant has moved to strike the plaintiff's statement of material facts filed in opposition to the defendant's motion for summary judgment and the plaintiff, as a result and in addition to opposing the defendant's motion to strike, has now moved for leave to file a surreply.  The plaintiff has informed the court that the defendant opposes this motion and will file an opposition.  Because a resolution of the plaintiff's motion to compel warrants denial without prejudice to the defendant's motion for summary judgment, the court does not address these extraneous motions in this Memorandum Opinion.

[3]     Because the court resolves the plaintiff's motion to compel in his favor, the court denies without prejudice the defendant's motion for summary judgment.  If the need arises for the defendant to renew its motion for summary judgment following a discovery period, the court expects the parties to exercise caution and diligence and not engage in successive, confusing, unnecessary and irresponsible motions practice.

### A.  Legal Standard for Discoverable Information

Federal Rule 26(b)(1) authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1).  The term "relevance" is broadly construed, and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *see also Smith v. Schlesinger*, 513 F.2d 462, 473 n.37 (D.C. Cir. 1975) (noting that "a party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case").  Put another way, "[a] showing of relevance can be viewed as a showing of need[, as] for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of matter not relevant to the subject matter involved in the pending action." *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984).  That said, relevancy does not encompass discovery of information with "no conceivable bearing on the case." *Id.* (citing 8 FED. PRAC. & PROC.2d § 2008).  A trial court enjoys considerable discretion over discovery matters. *Id.*; *United States v. Krizek*, 192 F.3d 1024, 1029 (D.C. Cir. 1999).

### B.  The Court Grants the Plaintiff's Motion to Compel

The plaintiff seeks to depose a government witness to get information about "the basis for the United States' contention that there was probable cause to prosecute Moore."[4]  Pl.'s Mot. at 3

---

[4]  The plaintiff also seeks testimony about "the basis for the United States' Answers to Plaintiff's Fifth Set of Interrogatories."  Pls.' Mot. to Compel, Ex. A.  Because discovery in this case is long closed, the plaintiff is only now entitled to a limited period of discovery concerning the government's contention that probable cause supported his indictment and prosecution.

5

& Ex. A.  The defendant argues that the plaintiff's Rule 30(b)(6) discovery request is cumulative, duplicative, inefficient, and unduly burdensome.[5]  Defs.' Opp'n at 15.

Undue burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed.  *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D.D.C. 2000).  Undoubtedly, the potential for duplicative discovery certainly does exist.  *See* Defs.' Opp'n at 17 (citing the various and thorough prior discovery elicited in this case by Moore regarding probable cause).

Though the probable cause inquiry has always been a relevant inquiry throughout this litigation, through the defendant's appellate efforts, probable cause now occupies exceptional prominence in this case; it is a decisive element of the plaintiff's claims.  *Hartman*, 126 S. Ct. at 1706.  To be clear, pursuant to the Supreme Court's ruling, the burden of proof with regard to probable cause falls squarely with the plaintiff, and the plaintiff must prove its absence.  *Id.*  The plaintiff's new line of inquiry is a product of the new burdens placed on it in this litigation, and the defendant has made no suggestion that this new discovery request in any way stems from a lack of diligence by the plaintiff in previously obtaining this discovery.

In this vein, the court notes the following two general principles regarding discovery: first, courts construe the scope of discovery liberally to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial," *Hickman v. Taylor*, 329 U.S. 495,

---

[5] The defendant rightfully points out that this litigation is in its fifteenth year with multiple trials including one Supreme Court merits decision.  Defs.' Opp'n at 5.  However, the court notes that the plaintiff did not carry the burden of proving that the defendant lacked probable cause until the recent Supreme Court decision.  *See Hartman v. Moore*, 126 S. Ct. 1695, 1707 (2006).  Having contributed to a changed legal landscape through its success at the Supreme Court, the defendant is in no position to decry the plaintiff's change in litigation strategy and refreshed discovery focus.

501 (1947); second, courts should balance the need for discovery against the burden imposed on the person ordered to produce documents. *Katz v. Batavia Marine & Sporting Supplies*, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993).

Applying these principles, permitting the plaintiff to depose a government witness concerning the bases for the United States' contention that there was probable cause to prosecute Moore outweighs the risks of duplication and burdensomeness which may befall the government. Though some duplication is perhaps unavoidable, the plaintiff's inquiry is likely to include lines of questioning not previously explored. And to the extent lines of inquiry are duplicative of previous discovery, given the mid-case change in the required elements for the plaintiff's prima facie case, such duplication is a necessary evil in ensuring that the plaintiff has the full opportunity to explore the probable cause element of its prima facie case. Furthermore, the court notes that the government successfully argued for an affirmative burden of proof for the plaintiff on the issue of probable cause. Thus, it now must accept the attendant discovery burdens as the court affords the plaintiff a fair opportunity to seek relevant information on the subject. In short, the risk of duplication is far outweighed in this case by the risk that probative matters go unexplored.

The government argues that the testimony sought constitutes protected attorney work-product information. Def.'s Opp'n at 9. According to the defendant, while the plaintiff claims to seek discovery as to the United States' contention that there was probable cause to prosecute him, what the plaintiff "really wants is insight into the United States' defense plan." Def.'s Opp'n at 9. The defendant cites *Hickman v. Taylor* for the proposition that "not even the most liberal discovery theories can justify unwarranted inquiries into files and mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). For three reasons, the government's

7

position is not persuasive.

First, not "all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases." *Id*. at 511.  In fact, discovery may be properly had on "relevant and non-privileged facts [that] remain hidden in an attorney's file . . . where production of those facts is essential to the preparation of one's case." *Id*.  It may be true that some of the information the plaintiff seeks is protected attorney work-product.  The fact that some of the information may be privileged, however, does not excuse the defendant from providing the plaintiff with the discovery that is not privileged.  The court will not permit the defendant to conceal, under the cloak of privilege, evidence to which the plaintiff is entitled.

Second, the relevant information the plaintiff now seeks concerns the factual basis underlying the government's contention that it had probable cause to initiate criminal proceedings.  Though the government fears that the deposition questioning will invite inquiry into the Assistant United States Attorney's work-product, the burden placed on the plaintiff to prove the absence of probable cause constitutes an "objective fact requirement." *Hartman*, 126 S. Ct. at 1702.  In other words, to prove the absence of probable cause, the plaintiff must demonstrate that a reasonable and prudent man would not suspect that the defendant (here, Moore) had committed the charged offenses. *Orelas v. United* States, 517 U.S. 690, 695 (1996); *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).  As such, the actual prosecutor's understanding or impressions are not relevant to the plaintiff's burden of proving an absence of probable cause,

and his specific work-product is, therefore, also not relevant.[6]

Third, though the defendant is concerned that discovery into this matter will open the defendant's defense plan to the plaintiff, the defendant confuses the fact information sought with the attorney strategy for how to construct, frame or explain those facts. The plaintiff is not seeking, nor would it be entitled, to discovery into how the United States plans on arguing probable cause. Evidence tending to support or refute a finding of probable cause, and the manner in which United States attorneys plan on explaining that information in a light most favorable to their client, are separate matters.

---

[6] Though the court grants the plaintiff's motion to compel, the court is mindful of the government's work-product concerns. In this case, the line separating relevant and irrelevant deposition questioning also delineates between factual testimony and attorney work-product information. In other words, by requiring the United States to designate a Rule 30(b)(6) witness responsive to the plaintiff's deposition inquiry, the court does not also enable the plaintiff to probe matters concerning attorney work-product.

Recognizing that innocent lines of inquiry may creep into the work-product realm, the court, at a later time, will have occasion to rule on any admissibility issues that may arise. For the time being, the court directs the parties to confer and recommend a protective order which will appropriately limit the dissemination of information gleaned from the deposition that the plaintiff now seeks. Additionally, court expects the plaintiff's attorneys to police themselves during deposition inquiry and avoid inquiries extending beyond the "objective fact" of probable cause. *Hartman*, 126 S. Ct. 1702.

## IV.    CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to compel and denies without prejudice the defendant's motion for summary judgment.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 27th day of March, 2007.

                                                            RICARDO M. URBINA
                                                            United States District Judge