UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 92-2288 (ABJ) |
| v. | ) | (Consolidated with Civil Action |
| | ) | No. 93-0324 (ABJ)) |
| | ) | |
| MICHAEL HARTMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 93-0324 (ABJ) |
| | ) | (Consolidated with Civil Action |
| v. | ) | No. 92-2288 (ABJ)) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | **Hearing Requested** |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR AN ORDER GOVERNING
APPLICATION OF THE FTCA JUDGMENT BAR[1]**

Defendants have taken the position that, because Moore asserts both *Bivens* claims

against the individual postal inspectors and a claim against the United States under the Federal

Tort Claims Act ("FTCA"), this case implicates the FTCA's "judgment bar." *See, e.g.*, Br. for

Appellees at 49–50, *Moore v. Hartman*, 571 F. 3d 62 (D.C. Cir. 2009) (No. 08-5370). That

provision provides:

_____

[1] Counsel for Moore has conferred with counsel for Defendants, who advise that they
oppose this motion.

"The judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

28 U.S.C. § 2676.

Properly read, this provision merely codifies the doctrine of claim preclusion so as to prevent a plaintiff from maintaining a separate action against the responsible government employee after judgment has been entered in an FTCA case.[2]  But since claim preclusion is inapplicable to multiple claims within a single case, the judgment bar should not apply here, and Moore should be free to obtain simultaneous, overlapping judgments against both the United States and the postal inspectors.  (Of course, ordinary rules against double recovery would prevent Moore from *collecting* on those overlapping judgments in excess of his total damages, just as in any case involving judgments against multiple jointly and severally liable tortfeasors.)

While at least one court of appeals agrees, several other courts outside this Circuit have interpreted § 2676—erroneously we submit—as precluding entry or requiring vacatur of a *Bivens* judgment upon entry of an FTCA judgment *in the same proceeding*.  On occasion, this has resulted in unwary plaintiffs being retroactively stripped of substantial recoveries against federal officers found liable by juries for constitutional violations.  Defendants have attempted to invoke the judgment bar in this manner in this case.  *See* Br. for Appellees at 49–50, *Moore v. Hartman*, 571 F. 3d 62 (D.C. Cir. 2009) (No. 08-5370) (arguing that summary judgment on the FTCA claim would bar Moore's *Bivens* claim).  In these courts, plaintiffs wishing to obtain or retain their *Bivens* judgments have been required to "voluntarily" relinquish their FTCA claims at some point in the proceedings prior to entry of judgment on those claims.

---

[2] A related provision provides for the release of all claims against the responsible government employee if an FTCA claim is settled administratively.  *See* 28 U.S.C. § 2672.

Moore brings this motion in part to clarify the proper meaning of the FTCA judgment bar. Moore recognizes the risk, however, that even if this Court agrees with him that § 2676 should not apply here, the D.C. Circuit or the Supreme Court might take a different view on appeal; if so, this Court's entry of judgment on both the FTCA and the *Bivens* claims could ultimately result in Moore's loss of his *Bivens* award. Moore therefore is potentially faced with making the election of remedies that other courts and the government have demanded in similar cases. He accordingly requests in the interest of fundamental fairness that this Court structure these proceedings to provide him the opportunity, at an appropriate time, to choose between seeking judgment upon and voluntarily relinquishing his FTCA claim. Moreover, because *ex ante* clarity is crucial for protecting against the inadvertent loss of a *Bivens* recovery, Moore further requests that, whether it adopts the procedure for election recommended herein or devises its own, the Court decide this issue prior to the start of trial.

## STATEMENT OF POINTS AND AUTHORITIES

### I.   THE JUDGMENT BAR DOES NOT APPLY WHEN FTCA AND *BIVENS* CLAIMS ARE TRIED TOGETHER IN THE SAME PROCEEDING

Pursuant to § 2676, "[t]he judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the [responsible government] employee." For reasons explained below, the statute's text, common-law background, legislative history, and purpose all make clear—as the Supreme Court has twice recognized—that this judgment bar is a straightforward provision of *res judicata* (claim preclusion) that bars a plaintiff from subsequently bringing (or continuing to maintain) a *separate* lawsuit against the responsible officers once a final merits judgment has been reached in an FTCA action. *See, e.g.*, *Will v. Hallock*, 546 U.S. 345, 354 (2006) (judgment bar is "close[] analogy to" and "functions in much the same way" as "the defense of claim preclusion, or res

judicata"); *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013) (under § 2676, "[j]udgment against the United States in an FTCA action would bar a *subsequent* action against the federal employee whose conduct gave rise to the claim" (emphasis added)).   The judgment bar was thus designed to bar subsequent actions against individuals.   Like the doctrine of claim preclusion generally, the judgment bar should not apply where (as here) FTCA claims against the government and *Bivens* claims against the officers are proceeding contemporaneously in the same action.

      This conclusion follows directly from the provision's text.   Section 2676 provides that the judgment in "an action" under the FTCA bars "any action" against the responsible government employee.   Since an action cannot bar itself, this language plainly contemplates multiple "action[s]"—one creating the bar, and one or more others being barred.   An "action," of course, is a lawsuit, not a claim within a lawsuit.   *See Black's Law Dictionary* (9th ed. 2009) (defining "action" as "[a] civil or criminal judicial proceeding"); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir. 1990) ("[i]n federal practice, the terms 'case' and 'action' refer to the same thing, *i.e.*, the entirety of a civil proceeding"); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *cf. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005) (distinguishing between "a civil action" and "the claims constituting the action").   Thus, under § 2676, a judgment in a lawsuit that includes an FTCA claim bars other, separate lawsuits against the responsible government employees; it does not by its terms bar other claims within the same action.   *See Levin*, 133 S. Ct. at 1228 (FTCA judgment "bar[s] a subsequent action against the federal employee").

      Relatedly, the word "bar" itself connotes preclusion of a subsequent lawsuit, not preclusion of claims within a single lawsuit.   The common-law "principles of 'merger' and 'bar'

constitute the claim preclusion aspect of res judicata." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F. 2d 944, 947 n.2 (D.C. Cir. 1983); *accord Semler v. Psychiatric Inst. of Wash., D.C., Inc.*, 575 F.2d 922, 927 (D.C. Cir. 1978); *see also Sekhar v. United States*, 133 S. Ct. 2720, 2724 (2013) ("[i]t is a settled principle of interpretation that, absent other indication, Congress intends to incorporate the well-settled meaning of the common-law terms it uses" (internal marks omitted)). Indeed, the Supreme Court has recognized that the "bar" in § 2676 is a "close[] analogy to" and "functions in much the same way" as "the defense of claim preclusion, or res judicata." *Will*, 546 U.S. at 354. But the doctrine of claim preclusion presupposes multiple lawsuits, *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009), and hence "is irrelevant to proceedings within a single case," *Bustillo v. Hilliard*, 16 F. App'x 494, 496 (7th Cir. 2001). *See also* 18 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 4401 (2d ed. & West Supp. 2013) [hereinafter *Federal Practice and Procedure*] ("Res judicata principles commonly involve the relationships between two separate lawsuits…. Claim preclusion, however, is not appropriate within a single lawsuit ….").

The legislative background of § 2676 confirms what the language makes clear. The FTCA was enacted in 1946 to provide for claims of *respondeat superior* liability against the United States for certain negligent or wrongful conduct "of any employee of the Government while acting within the scope of his office or employment." Pub. L. No. 601 tit. IV, § 410(a), 60 Stat. 842, 844 (1946) (codified at 28 U.S.C. § 1346(b)). Congressional hearings show that the judgment bar, which was part of the original statute, *see id.* § 410(b), 60 Stat. 844 (codified at 28 U.S.C. § 2676), was intended to bar *subsequent* actions against the responsible employee where judgment had already been obtained against the government. *See Tort Claims: H.R. 5373 and H.R. 6463 Hearings Before the Comm. On the Judiciary*, 77th Cong. 9 (1942) (statement of

Francis M. Shea, Assistant Att'y Gen., U.S. Dep't of Justice) ("If the Government has satisfied a claim which is made on account of a collision between a truck carrying mail and a private car, that should, in our judgment, be the end of it.  After the claimant has obtained satisfaction of his claim from the Government, either by judgment or by administrative award, he should not be able to turn around and sue the driver of the truck.").[3]

A *statutory* judgment bar was necessary because, under contemporaneous common-law rules, while a judgment on a tort claim against an employee or servant typically barred a subsequent suit against the employer or master, *see Restatement of Judgments* § 96(1) & cmt. d, illus. 1 (1942),[4] the converse was not true:  a judgment on a tort claim against a master or employer did *not* ordinarily preclude a subsequent claim against the responsible servant or employee, *see id.* § 96(2) & cmt. j, illus. 9.[5]  *See also* James E. Pfander, *The Judgment Bar, and the Perils of Dynamic Textualism*, 8 U. St. Thomas L.J. 417, 429–31 (2011).  Thus, whereas the ordinary operation of the common law would ensure that a suit against the responsible government employee was *res judicata* in a subsequent FTCA suit against the government, a special statutory rule—the judgment bar—was needed to ensure that an FTCA suit against the government would be *res judicata* in a subsequent action against the responsible government employee.  Understanding § 2676 as a remedy for this asymmetry in the common-law rules of

---

[3] Hearings on the FTCA lasted over several Congresses, and "much of [the FTCA's] relevant history [therefore] appears in the Seventy-seventh Congress, rather than in the Seventy-ninth Congress, which enacted it."  *United States v. Gilman*, 347 U.S. 507, 512 n.2 (1954).

[4] "A, who is B's servant, injures C.  C brings an action against A.  Judgment is given for A on the ground that A was not at fault.  This judgment bars a subsequent action against B based wholly upon A's [wrongdoing]."  *Id.* § 96 cmt. d, illus. 1.

[5] "A, who is B's servant, injures C.  C brings an action against B.  It is found that A was not negligent and judgment is given for B.  This adjudication does not bind C in a subsequent action by C against A."  *Id.* § 96 cmt. j, illus. 9.

claim preclusion explains why the judgment bar operates only in one direction:  there was no need for a statutory provision barring FTCA actions following judgments against the responsible employees because *res judidcata* principles would automatically apply to limit those actions.

This historical backdrop confirms that the judgment bar addresses only the *subsequent* maintenance of a lawsuit against an individual officer after judgment has been awarded in a suit against the government.  Nothing in the language, history or purpose of the provision suggests that a judgment may not be entered against both defendants (government and employee) *in the same action*.  As noted, the doctrine of *res judicata* presupposes multiple lawsuits, C*apitol Hill Grp.*, 569 F.3d at 490, and "is irrelevant to proceedings within a single case," *Bustillo*, 16 F. App'x at 496.  *See also* 18 *Federal Practice and Procedure* § 4401 ("[c]laim preclusion … is not appropriate within a single lawsuit").

Likewise, *res judicata* does not "bar" multiple judgments in actions like this one that have been consolidated.[6]  Rather, "[c]omplete consolidation results in a single action; final disposition of part of the action ordinarily does not control the court's disposition of the remaining parts as a matter of res judicata."  18 *Federal Practice and Procedure* § 4404; *see also id.* (following consolidation, "[d]isposition of all claims against the defendant in what had been a separate action … does not preclude further pursuit of claims against another defendant who originally was sued in a different action."); *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 180–82 (1st Cir. 1999).

---

[6] Initially filed by Moore as two separate lawsuits, the "the two actions [were] consolidated for all future proceedings" shortly thereafter.  Stipulated Order (Mar. 3, 1993) (Docket No. 38); *see also* Fed. R. Civ. P. 42(a).  As Defendants recently conceded, "[s]ince the consolidation, the Court and the parties have treated the two matters as effectively one case." Def. Mem. Opp'n Mot. Lift Stay 2 (May 25, 2012) (Docket No. 379).

It follows that the judgment bar has no role to play in a case like this one.  Rather, as the Ninth Circuit has correctly held, "Congress' primary concern in enacting the bar was to prevent multiple lawsuits on the same facts.  That concern is absent when suit is brought contemporaneously for FTCA and other relief."  *Kreines v. United States*, 959 F.2d 834, 838 (9th Cir. 1992) (citation omitted); *see also Levin*, 133 S. Ct. at 1228 (recognizing that § 2676 "bar[s] a *subsequent* action against the [responsible] federal employee," but that a plaintiff may sue the government and the responsible federal employees as "joint defendants" (emphasis added)).

Indeed, there simply is no plausible policy reason to bar recovery against both the government and the agents in the same lawsuit.  The doctrine of claim preclusion protects against the waste and inefficiency of, and the potential for vexatious litigation or unfairness in, multiple, seriatim lawsuits on the same subject matter, concerns that are entirely absent when claims against multiple responsible defendants are tried together.  Nor does limiting the judgment bar to its intended, claim-preclusive effect create any risk of duplicative recovery.  There is nothing at all problematic or atypical about obtaining simultaneous, overlapping judgments against multiple tortfeasors in the same case—this happens all the time in cases involving joint and several liability (including *respondeat superior* liability).  *See, e.g., Norfolk & W. Ry. Co. v. Ayers*, 538 US 135, 163 (2003) ("Nothing is more clear than the right of a plaintiff, having suffered ... a loss … , to sue in a common-law action all the wrong-doers, or any one of them, at his election; and it is equally clear, that, if he did not contribute to the disaster, he is entitled to judgment in either case for *the full amount of his loss*." (internal quotation marks omitted; emphasis and first ellipsis in *Norfolk & W. Ry. Co.*).  Concerns about duplicative recovery are properly dealt with, not by barring judgment against a subset of the responsible defendants, but through the application of rules that prevent a plaintiff from *collecting* on multiple, overlapping judgments in

excess of the total amount of proven damages.[7]

Finally, the Supreme Court has held that it is "crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action," and "that victims of the kind of intentional wrongdoing alleged in this complaint shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights." *Carlson v. Green*, 446 U.S. 14, 20 (1980). Indeed, there are good reasons why a plaintiff like Moore might wish to bring and pursue to judgment both of these "complementary" remedies. The FTCA and *Bivens* claims have different elements and different defenses, such that judgment on one does not logically dictate the same result on the other. The two claims have different measures of recovery, including the availability of punitive damages on the *Bivens* claims. *Id.* at 22. A plaintiff cannot opt for a jury in an FTCA action, as he may in a Bivens suit. *Id.* And, given the government's assertion in this case that it might not indemnify the postal inspectors, there may be differences in Moore's ability to collect upon the judgments.

It is difficult if not impossible to reconcile *Carlson*'s vision of the two claims as "complementary" with the application of the judgment bar to claims brought or consolidated in the same lawsuit, which will *always* result in the loss of either the *Bivens* claim (by operation of

---

[7] *See, e.g., Duran v. Town of Cicero*, 653 F.3d 632, 643 (7th Cir. 2011) ("to avoid the possibility of double recovery," "the court should clarify that the damages the jury assessed against the Town and the individual officers are not to be aggregated; the judgment should reflect that the Town is jointly liable for a single damages award"); *United States v. Nucci*, 364 F.3d 419, 423 (2d Cir. 2004) ("[t]he effect of joint liability in a tort context is to excuse one defendant from paying any portion of the judgment if the plaintiff collects the full amount from the other" (internal quotation marks omitted)); *Tholen v. Carney*, 555 F.2d 479, 480 (5th Cir. 1977) ("Where there are several joint tortfeasors responsible for the plaintiff's damages, the plaintiff is entitled to judgment in the full amount against each, as if the others did not exist…. The plaintiff can seek recovery of these judgments against all or any of the judgment debtors; however, to prevent 'double recovery', amounts recovered from one reduce the amounts recoverable from the others.").

the bar) or the FTCA claim (by "voluntary" relinquishment).  Such an approach would improperly allow the government to use the judgment bar not as a shield against duplicative recovery or inefficient or vexatious litigation, but rather as a sword to arbitrarily foreclose judicially and congressionally authorized remedies for persons injured by unconstitutional government misconduct.

## II.   COURTS OUTSIDE THIS CIRCUIT HAVE MISTAKENLY INTERPRETED THE FTCA JUDGMENT BAR TO PRECLUDE MULTIPLE JUDGMENTS IN A SINGLE CASE

To Moore's knowledge, neither the D.C. Circuit nor any of the district courts within the D.C. Circuit have yet addressed the meaning and applicability of the FTCA judgment bar.  And although the Ninth Circuit has refused to apply the judgment bar to claims brought within the same lawsuit, *see Kreines*, 959 F.2d at 838, the majority of courts outside this Circuit to address the matter have given § 2676 a more expansive interpretation, applying it not only as a rule of *res judicata* to bar the subsequent maintenance of separate actions, but also using it to preclude entry or require vacatur of a *Bivens* judgment where the *Bivens* claims and the FTCA claims were raised and tried in the same action.  *See, e.g.*, *Manning v. United States*, 546 F.3d 430, 432, 438 (7th Cir. 2008) (affirming vacatur of $6.5 million *Bivens* jury award based on subsequent bench ruling and judgment for the United States on FTCA claim in same case); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858–59 (10th Cir. 2005) (vacating award and judgment against officer based on later award and judgment on FTCA claim in same case); *Harris v. United States*, 422 F.3d 322, 333–37 (6th Cir. 2005) (judgment on FTCA claims barred further proceedings on *Bivens* claims asserted in same case).  In light of the text and history discussed above, "[o]ne can scarcely overstate the degree to which the judgment bar [as interpreted in these decisions] has overleapt its textual and historical boundaries."  Pfander, *supra*, at 454.

**III.     THE COURT SHOULD ADOPT PROCEDURES THAT ALLOW MOORE TO
ELECT HIS REMEDY WITHOUT JEOPARDIZING ANY DAMAGES
AWARDED BY THE JURY ON HIS *BIVENS* CLAIM**

As the foregoing discussion makes clear, a plaintiff who proceeds to trial on both a

*Bivens* claim and an FTCA claim runs an unwarranted but serious risk that entry of judgment for

or against the government on the FTCA claim will nullify a contemporaneous favorable jury

verdict and final judgment on his *Bivens* claim.  Moore recognizes, moreover, that even if this

Court agrees with him that such a result is improper under § 2676, a higher court might disagree

if and when the matter is appealed.  Accordingly, despite being entitled to a judgment on both his

*Bivens* and FTCA claims, Moore may (unless the inspectors agree to waive any defense under

§ 2676) be faced with having to make the "strategic choices in pursuing [his] remedies"

demanded by out-of-Circuit decisions like *Manning*.  In order to ensure that those choices may

be implemented in this case without inadvertent forfeiture of his rights, Moore respectfully

requests that the Court issue a pretrial order setting forth the procedures for Moore to follow if he

has to elect his remedies.  Such an order should address both the mechanism for electing a

remedy and the timing of that election.

1.     The appropriate mechanism for Moore to elect between his *Bivens* remedy and his

FTCA remedy is to provide him with the opportunity to voluntarily abandon his FTCA claim

without prejudice, prior to entry of judgment on that claim, through one of the procedural

devices set forth in the Federal Rules of Civil Procedure, *viz.*, an amendment of his complaint

under Rule 15, *see* Fed. R. Civ. P. 15(a)(2) ("court should freely give leave [to amend a party's

pleading] when justice so requires"); the dropping of a party under Rule 21, *see* Fed. R. Civ. P.

21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party"); or

a voluntary dismissal under Rule 41, *see* Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at

the plaintiff's request … by court order, on terms that the court considers proper").  *See also*

9 *Federal Practice and Procedure* § 2362 ("[t]he power to drop some plaintiffs or some defendants from the suit plainly exists," and "'it may not be material whether the court acts under Rule 15(a) which relates to amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2)'" (quoting *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) (Blackmun, J.)). Using one of these mechanisms to abandon the FTCA claim without prejudice if necessary after a verdict on the *Bivens* claims but before final judgment is rendered on the FTCA claim would not constitute a judgment on the FTCA claim. *See, e.g.*, *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("When a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice. When that occurs, … we treat the initial complaint as if it never existed." (citations and internal quotation marks omitted)); 9 *Federal Practice and Procedure* § 2367 ("a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed"). As a result, abandonment of the FTCA claim without prejudice at that stage should not trigger the judgment bar. *See, e.g.*, *Maxwell v. Dodd*, No. 08-11326, 2009 WL 3805597, at *4 (E.D. Mich. Nov. 12, 2009) ("the Court is unaware of any precedent interpreting a *dismissal* without prejudice as a *judgment* implicating the judgment bar").

Most courts to address the procedure for electing a remedy in light of the judgment bar have accordingly held that a plaintiff who takes his *Bivens* claim to trial should be permitted to voluntarily abandon his FTCA claim without prejudice after the jury renders its *Bivens* verdict but prior to entry of judgment on the FTCA claim. *See, e.g.*, *Manning*, 546 F.3d at 435 (to avoid judgment bar, plaintiff who "move[s] for judgment on a successful *Bivens* claim … [should] voluntarily withdraw a contemporaneous FTCA claim"); *Van Beek v. Robinson*, No. 11-10514, 2013 U.S. Dist. LEXIS 78694, at *7–10 (E.D. Mich. June 5, 2013) (granting plaintiff's motion to dismiss FTCA claim without prejudice in order to avoid application of the judgment bar); *Ortiz*

*v. Pearson*, 88 F. Supp. 2d 151, 167 & n.12 (S.D.N.Y. 2000) (if plaintiff prevails before jury on his *Bivens* claim, he "might then choose to dismiss the FTCA claim" in order to avoid the judgment bar). In one case (where both the *Bivens* and the FTCA claims were tried to the bench), the court issued its findings of fact and conclusions of law on both claims and thereafter gave the plaintiff ten days to elect between recovering from the United States and recovering from the responsible officer. *See Sanchez v. Rowe*, 651 F. Supp. 571, 576 (N.D. Tex. 1986).

For courts that view the judgment bar as applying where FTCA and *Bivens* claims are brought and tried together, allowing the plaintiff to withdraw the FTCA claim at some point following the jury verdict on the *Bivens* claim is the *only* solution that preserves a plaintiff's right to pursue both claims. The government endorsed this procedure in *Manning*. *See, e.g.*, Brief for the Respondents in Opposition at 14, *Manning v. United States* (U.S. No. 08-1595). Accordingly, this Court should adopt a mechanism whereby Moore is provided the opportunity, at an appropriate point after the jury's *Bivens* verdict, to choose between pursuing his FTCA claim to judgment and voluntarily abandoning that claim.

2.     The precise timing of this election presents a slightly more complicated question. As is typical in cases with *Bivens* and FTCA claims, the jury in this case will presumably render its verdict on the *Bivens* claims before the court decides the FTCA claim.[8]  Given this order of proceedings, most courts applying § 2676 to claims within the same action have allowed a

---

[8] Specifically, in a case that includes both an FTCA claim (which must be tried by the Court) and claims to which there is a jury-trial right, "the decision of jury and nonjury issues [should be] handled in a manner comparable to that used when issues of law are tried to a jury and issues of an equitable nature in the same case are tried by the court alone." *United States v. Yellow Cab Co.*, 340 U.S. 543, 555–56 (1951). This means that the jury claims must be decided first in order to preserve the litigant's Seventh Amendment jury-trial right. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472–73, 479–80 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959).

plaintiff to elect to withdraw his FTCA claim soon after the jury has rendered a verdict on the *Bivens* claim, but before the court has rendered judgment on the FTCA claim. *See Manning*, 546 F.3d at 435; *Engle v. Mecke*, 24 F.3d 133, 134 (10th Cir. 1994); *Ortiz*, 88 F. Supp. 2d at 167 & n.12.  As noted above, one court allowed the plaintiff to make that election after issuing findings of fact and conclusions of law on the FTCA claim. *Sanchez*, 651 F. Supp. at 576.

Such an approach has some shortcomings, however.  For one thing, even though Moore's voluntary relinquishment of his FTCA claim *should* preclude application of the judgment bar for the reasons set forth above, the government has taken the position in other cases that even a voluntary dismissal without prejudice triggers the bar. *See, e.g.*, *Palma v. Dent*, No. 06-6151, 2007 U.S. Dist. LEXIS 53164, at *3, *11, *14 (N.D. Cal. July 12, 2007) (rejecting this argument); *Kreider v. Breault*, No. 10-3205, 2012 U.S. Dist. LEXIS 114961, at *30 (E.D. Pa. Aug. 15, 2012) (characterizing this argument as "[s]training the bounds of logic").  Should the government take this position in this case, then a decision by Moore to relinquish his FTCA claim shortly after the jury's verdict on the *Bivens* claim would put the *Bivens* judgment at risk on appeal.

Moreover, requiring Moore to elect his remedy right after the jury trial also fails to account for the possibility that a favorable *Bivens* verdict might be overturned on appeal.  For example, should Moore, in the event he prevails on his *Bivens* claim, be forced to relinquish his FTCA claim prior to the inspectors' appeal, and should the inspectors prevail on appeal on a legal ground that would not invalidate the FTCA claim (qualified immunity being one example), then Moore may be left with no remedy even though he had proven the facts necessary to establish relief on the FTCA claim.  Under such circumstances, the legal ground applicable only

to *Bivens* claims would, in effect, be improperly bootstrapped onto the FTCA, allowing

Defendants to avoid liability altogether through procedural artifice, rather than the merits.

To avoid that unjust result, Moore submits that, in the event of a favorable jury verdict on

the *Bivens* claim, the Court should direct entry of a final judgment on the *Bivens* claim pursuant

to Rule 54(b).  Then, perhaps after rendering findings of fact and conclusions of law on the

FTCA claim, *cf. Sanchez*, 651 F. Supp. at 576, the Court should hold the FTCA claim in

abeyance while the postal inspectors pursue their appeal.  Once that appeal is resolved, the Court

should give Moore the opportunity to make an election between, on the one hand, recovering on

his final *Bivens* judgment and relinquishing his FTCA claim, and, on the other hand, seeking

entry of judgment on his FTCA claim.  This is the only approach that will *fully* protect Moore's

right under *Carlson v. Green* to pursue both of these "complementary" remedies, while

nevertheless implementing the government's "same case" view of the judgment bar.

## CONCLUSION

The FTCA's judgment bar is a rule of *res judicata* that precludes successive actions, not

the entry of multiple judgments in a single case.  Nevertheless, because this issue is unsettled and

a higher court might disagree if and when this case is appealed, Moore suggests that the issue

and procedures to be followed be clarified before trial begins.  For the reasons set forth herein,

Moore proposes that the most appropriate procedure would be to allow Moore to defer any

election of remedies until after the entry of final judgment on the *Bivens* claims pursuant to Rule

54(b) and the exhaustion by the postal inspectors of their appeal, during which time the Court

should hold the FTCA claim in abeyance.

Moore respectfully requests a hearing on this motion.

Dated:  April 17, 2014

Respectfully submitted,

/s/ Christian G. Vergonis

Amy E. Dias (D.C. Bar No. 1002623)
Henry W. Asbill (D.C. Bar No. 938811)
Christian G. Vergonis (D.C. Bar No. 483293)
Charles T. Kotuby, Jr. (D.C. Bar No. 492416)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
(T) 202.879.3939
(F) 202.626.1700

Paul M. Pohl (admitted *pro hac vice*)
JONES DAY
One Mellon Bank Center
500 Grant Street, Suite 4500
Pittsburgh, PA  15219
(T) 412.391.3939
(F) 412.394.7959

Richard H. Deane Jr. (admitted *pro hac vice*)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
(T) 404.581.8502
(F) 404.581.8330

*Attorneys for Plaintiff*