UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM G. MOORE, JR., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 92-2288 (ABJ) |
| MICHAEL HARTMAN, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This order memorializes the Court's rulings in open court on May 29, 2014. For the reasons stated in open court, it is

ORDERED that Peter Voss may be added to the Joint Pretrial Statement as a witness in plaintiff's case-in-chief. It is FURTHER ORDERED that by 5:00 p.m. on May 30, 2014, plaintiff will submit information substantiating the fact that the witness cannot attend in person because of age, illness, or infirmity, and that the completion of a deposition *de bene esse* is necessary.

It is FURTHER ORDERED that the parties will comply with the Court's scheduling order [Dkt. # 390] and submit a single set of proposed questions for *voir dire* that indicates: (i) the *voir dire* questions on which the parties agree; and (ii) the *voir dire* questions on which the parties disagree, if any, by June 4, 2014 at 10:00 a.m. Plaintiff's proposed *voir dire* questions 33–36 shall be excluded and others shall be combined or narrowed as indicated in open court.

It is FURTHER ORDERED that defendants' motion to exclude certain testimony of William C. Hittinger [Dkt. # 417] is GRANTED and that Hittinger's testimony concerning

statements made by Joseph Valder is not admissible in plaintiff's case-in-chief. The Court notes that it has not ruled on the other issues raised in defendants' omnibus motion *in limine* [Dkt. # 417].

It is FURTHER ORDERED that defendants' motion to quash the nonparty subpoena to Gary Cottrell [Dkt. # 449] is DENIED, and their objection to his testimony in its entirety is overruled. Mr. Cottrell – if he is shown to be competent to do so – may testify as to procedures, regulations, and policies for Postal Service investigations that were in existence at the time of the investigation in this case. Testimony concerning current policies and practices is excluded.

It is FURTHER ORDERED that defendants' blanket objection to any testimony by Mr. Stillman, Mr. Bennett, Mr. Kearney, and Ms. Pearce is OVERRULED. The witnesses, who have not been designated as experts, may testify to facts within their personal knowledge.

The defendants' objection to the testimony of Helene M. Goldberg was taken under advisement, and the issue will be resolved by the next court assigned to the matter.

Finally, it is ORDERED that plaintiff's motion to recuse the Court is GRANTED. The docket will indicate when the matter has been reassigned.

**So ordered.**

AMY BERMAN JACKSON
United States District Judge

DATE: May 30, 2014