UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 92-2288 (BAH) |
| v. | ) | (Consolidated with Civil Action |
| | ) | No. 93-0324 (BAH)) |
| | ) | |
| MICHAEL HARTMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 93-0324 (BAH) |
| | ) | (Consolidated with Civil Action |
| v. | ) | No. 92-2288 (BAH)) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' MOTION TO VACATE PRETRIAL RULINGS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

The Defendants respectfully move this Court to vacate all of the rulings made by Judge Jackson at and after the May 29, 2014 pretrial conference which ended with the judge's recusal. In support of this Motion, the Defendants state as follows:

1.  On May 29, 2014, Judge Jackson presided over the Final Pretrial Conference in this matter. During the pretrial conference, Judge Jackson ruled on a number of pretrial issues, including, among others, a motion in *limine*, some of the parties' proposed *voir dire* questions, Defendants' objections to Plaintiff's witnesses, and Plaintiff's request to complete a *de bene esse* deposition and add a new witness to Plaintiff's witness list.

2. Approximately two hours into the Final Pretrial Conference, Judge Jackson read a prepared statement into the record, indicating that she was formerly employed as an Assistant United States Attorney in the District of Columbia, and that certain individuals identified as potential fact witnesses in this case (in particular, former U.S. Attorney Jay Stephens, and Assistant U.S. Attorneys Paul Knight and Charles Leeper) were her colleagues in that office.

3. Plaintiff orally moved to recuse Judge Jackson from this matter. The Defendants indicated opposition because the Plaintiff had not identified sufficient recusal grounds.

4. It appears that the reason for Judge Jackson's recusal was her prior relationship with the U.S. Attorney's Office. The involvement of that office, and, more specifically, Mr. Stephens, Mr. Knight, and Mr. Leeper, in the decision to indict the Plaintiff was described with specificity in the Joint Pretrial Statement, which the parties filed on May 2, 2014.

5. These circumstances raise the potential issue of whether, if recusal was in order, Judge Jackson should have recused in advance of the May 29 pretrial conference and without ruling on issues presented in the conference.

6. Litigants are entitled to a neutral and detached judge in the first instance. *Ward v. Monroeville*, 409 U.S. 57, 62 (1972). The goal of 28 U.S.C. § 455 is to avoid even the appearance of partiality, and, if a trial judge should have recused herself at a particular point in the proceedings, any orders entered following that point in time should be vacated. *See Demodulation, Inc. v. United States*, 114 Fed. Cl. 655, 657 (Fed. Cl. 2014) ("[T]he Court concludes that if the orders of the now-recused judge were allowed to stand, Plaintiff could one day wonder whether the outcome of the case was influenced by a judge who later recused herself from the case.").

7. When a judge voluntarily disqualifies herself, orders entered prior to the recusal should be vacated, and the new judge should consider the motions anew. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 868 (1988) ("[T]here is a greater risk of unfairness in upholding the judgment ... than there is in allowing a new judge to take a fresh look at the issue."); *See also Ryan v. Krause*, 2012 WL 1884660, at *4 (D.R.I. May 22, 2012) (vacating report and recommendation of magistrate judge who later recused under 28 U.S.C. § 455).

8. The alternative of treating those rulings as "law of the case" is to risk appellate reversal of the final judgment at the end of the case. But they are not law of the case. To the contrary, interlocutory orders such as those entered by Judge Jackson "are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment." *Langevine v. Dist. of Columbia,* 106 F.3d 1018, 1023 (D.C. Cir. 1997); *see also* Fed. R. Civ. P. 54(b) (interlocutory rulings "may be revised at any time before the entry of" final judgment). "This is true even when a case is reassigned to a new judge." *Langevine*, 106 F.3d at 1023.

9. Furthermore, good sense and sound judicial administration dictate that these trial-related issues be decided by the judge who will actually preside at the trial. There is no serious risk of delaying the trial because those issues can be taken up along with the several other pending motions and issues that Judge Jackson did not decide, and that remain to be addressed before trial begins.[1] Currently, the trial in this matter is scheduled to commence on June 9, 2014.

---

[1] The pretrial issues that were not resolved at the Final Pretrial Conference include: (1) the Defendants' eight remaining motions *in limine*; (2) Plaintiff's two motions *in limine*; (3) Defendants' *Daubert* motion to exclude Plaintiff's three damages experts; (4) Plaintiff's *Daubert* motion to exclude certain testimony of Defendants' damages expert; (5) Plaintiff's motion for a pretrial order "clarifying" the application of the Federal Tort Claims Act's judgment bar; and (6) disputes concerning the parties' proposed exhibits, witnesses, *voir dire* questions, jury instructions, designations of prior testimony, and competing statements of the law governing Plaintiff's FTCA suit.

10. Vacating the pretrial rulings will not cause any injustice in this case. In fact, vacating those rulings "may prevent a substantive injustice in some future case by encouraging a judge or litigant to more carefully examine possible grounds for disqualification and to promptly disclose them when discovered." *Liljeberg*, 486 U.S. at 868.

11. Defendants' counsel has conferred with counsel for Plaintiff, who advise that Plaintiff does not consent to the relief requested in this Motion.

12. For the foregoing reasons, the Defendants respectfully request that this Court vacate all of the rulings made by Judge Jackson at and after the May 29, 2014 pretrial conference.

Dated: June 2, 2014　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　STUART F. DELERY
　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　RUPA BHATTACHARYYA
　　　　　　　　　　　　　　　　　　Director, Torts Branch, Civil Division

　　　　　　　　　　　　　　　　　　ANDREA W. McCARTHY
　　　　　　　　　　　　　　　　　　RICHARD MONTAGUE
　　　　　　　　　　　　　　　　　　Senior Trial Counsel

　　　　　　　　　　　　　　　　　　By: /s/ Reginald M. Skinner
　　　　　　　　　　　　　　　　　　JAMES G. BARTOLOTTO
　　　　　　　　　　　　　　　　　　REGINALD M. SKINNER
　　　　　　　　　　　　　　　　　　PAUL E. WERNER
　　　　　　　　　　　　　　　　　　Trial Attorneys, Civil Division
　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　P.O. Box 7146, Ben Franklin Station
　　　　　　　　　　　　　　　　　　Washington, D.C. 20044
　　　　　　　　　　　　　　　　　　Tel: (202) 616-3111
　　　　　　　　　　　　　　　　　　Fax: (202) 616-4314

　　　　　　　　　　　　　　　　　　*Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record by operation of the Court's CM/ECF System.

/s/ Reginald M. Skinner
REGINALD M. SKINNER
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314