UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 92-2288 (BAH) |
| v. | ) | (Consolidated with Civil Action |
| | ) | No. 93-0324 (BAH)) |
| | ) | |
| MICHAEL HARTMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 93-0324 (BAH) |
| | ) | (Consolidated with Civil Action |
| v. | ) | No. 92-2288 (BAH)) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL STATEMENT
CONCERNING THE DEPOSITION *DE BENE ESSE* OF PETER VOSS**

Plaintiff's request for a *de bene esse* deposition of Peter Voss should be denied for two reasons. First, Plaintiff's assertion that "Judge Amy Berman Jackson ordered that Plaintiff is permitted to conduct a videotaped deposition *de bene esse* of Peter Voss," *see* Pl.'s Stmt. at 1, is inaccurate and belied by Judge Jackson's rulings in open court and her May 30, 2014 order. At the final pretrial conference on May 29, 2014, Judge Jackson explained that she preferred Mr. Voss's to testify live, and that Mr. Voss "doesn't get to choose whether he would prefer to do it by deposition or prefer to be here." *See* Ex. 1, Tr. of Pretrial Conference, at 24. Furthermore, Judge Jackson ruled that a *de bene esse* deposition would be allowed only if

Plaintiff submitted evidence substantiating his claim that Mr. Voss cannot, due to age or illness, attend the trial and testify live. Specifically, Judge Jackson ruled:

> My preference would be to have him live. If he can't come because of his illness, I'm going to let you do this at a time that works out with counsel and doesn't change the trial date. But I would like to receive something in writing from you or from a doctor or from him or something that says, I can't do this.

*See id.* at 27. On May 30, 2014, Judge Jackson issued a written order memorializing the rulings stated in open court at the pretrial conference. The order directed Plaintiff to "submit information substantiating the fact that the witness cannot attend in person because of age, illness, or infirmity, and that the completion of a deposition *de bene esse* is necessary." *See* Ex. 2, Order 5/30/14 (emphasis added). Plaintiff thereafter filed his Supplemental Statement in an attempt to justify the request for a *de bene esse* deposition of Mr. Voss. Due to Judge Jackson's recusal and the reassignment of the case to this Court, the issue of whether Plaintiff has sufficiently substantiated his request for a *de bene esse* deposition of Mr. Voss has not been resolved.[1]

Second, this Court should deny the request for a videotaped trial deposition because Plaintiff has failed to make a sufficient showing that Mr. Voss cannot testify live at trial. Rule 32(a)(4)(C) of the Federal Rules of Civil Procedure "by its terms requires proof of a causal connection between age, illness, infirmity or imprisonment and the inability to attend or testify." *Boca Investerings Partnership v. United States*, 197 F.R.D. 18, 19 (D.D.C. 2000).

> Surely a party cannot just cite a witness's age as a justification for nonattendance; the party must explain why in the circumstances the witness's age prevents that witness from attending or testifying. Neither can a party simply assert that a witness's sickness or infirmity prevents attendance; the party must describe the illness or

---

[1] For this reason, the Defendants have moved to quash the deposition subpoena that Plaintiff's caused to be issued in the U.S. District Court for the Northern District of Ohio. *See* Ex. 3, Motion to Quash Nonparty Subpoena, 6/4/14 (motion only).

> infirmity and convince the Court that the illness or infirmity is a genuine obstacle to attendance or to testifying.

*Id.* at 19-20; *see also* 8A Charles Alan Wright, Arthur Miller & Richard L. Marcus, Federal Practice and Procedure § 2142 (3d ed. 2002) (noting "the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person.").

The Supplemental Statement is not supported by any actual evidence of Mr. Voss's physical condition—not even a doctor's note. Moreover, Plaintiff's Statement altogether fails to explain why Mr. Voss's condition is so acute that the *only* means of obtaining his trial testimony is a videotaped deposition in Mr. Voss's home. Even assuming that Mr. Voss cannot travel great distances, it is quite unclear why Mr. Voss cannot testify live at trial by means of videoconference. Videoconferencing equipment is available and frequently used at the U.S. Attorney's Office in Akron, Ohio, which is a mere 30-40 minutes' travel time from Canton, Ohio. If the Court concludes that Mr. Voss is indeed unavailable due to his physical condition, videoconferencing his live testimony at trial would enable jurors to hear his testimony and evaluate credibility in real-time. It would also permit the Court to immediately and efficiently resolve objections and other disputes regarding the admissibility of Mr. Voss's testimony. This is not possible with a videotaped deposition that will have occurred outside the jury's presence and the Court's supervision. Instead, a *de bene esse* deposition is a cumbersome substitute for live testimony. Such a deposition is conducted under the rules of evidence, rather than as a discovery deposition. *See George v. Ford Motor Co.*, 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007). Therefore, the witness would be examined as if testifying live at trial, but objections to the witness's testimony would not be resolved until a later time. Plaintiff has shown no *need* for this

elaborate *de bene esse* procedure when videoconferencing Mr. Voss's testimony live is clearly a more efficient and reliable means of offering his testimony at trial.

For these reasons, Plaintiff's request for a videotaped deposition *de bene esse* of Peter Voss should be denied.

| | |
|---|---|
| Dated: June 5, 2014 | Respectfully submitted, |

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director, Torts Branch, Civil Division

ANDREA W. McCARTHY
RICHARD MONTAGUE
Senior Trial Counsel

By: /s/ Reginald M. Skinner
JAMES G. BARTOLOTTO
REGINALD M. SKINNER
PAUL E. WERNER
Trial Attorneys, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314

*Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record by operation of the Court's CM/ECF System.

/s/ Reginald M. Skinner
REGINALD M. SKINNER
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314