UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM G. MOORE, JR.,                )
                                      )
          Plaintiff,                  )
                                      )     Civil Action No. 92-2288 (BAH)
     v.                               )     (Consolidated with Civil Action
                                      )     No. 93-0324 (BAH))
                                      )
MICHAEL HARTMAN, *et al.*,            )
                                      )
          Defendants.                 )
                                      )
_____)
                                      )
WILLIAM G. MOORE, JR.,                )
                                      )
          Plaintiff,                  )
                                      )     Civil Action No. 93-0324 (BAH)
                                      )     (Consolidated with Civil Action
     v.                               )     No. 92-2288 (BAH))
                                      )
UNITED STATES OF AMERICA,             )
                                      )
          Defendant.                  )
_____)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE
USE AT TRIAL OF THE DEPOSITION TESTIMONY OF THE
UNITED STATES' RULE 30(b)(6) DESIGNEE, HELENE GOLDBERG**

Plaintiff Bill Moore has identified Helene Goldberg—who previously was designated by,

and testified on behalf of, the United States in this case pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure—as a witness he intends to call on "the subjects covered in her

deposition."  Joint Pretrial Statement (Dkt. No. 438) Annex A at 5.  Those subjects include "the

factual basis for the United States' contention that there was probable cause to prosecute Bill

Moore."  Goldberg Deposition Tr. (Ex. A hereto) at 15.  Moore currently intends to use as

evidence at trial his designations of Ms. Goldberg's deposition testimony (*see* Joint Pretrial

Statement Annex E at 26), as is clearly permitted under Rule 32—it is the deposition testimony

of a party.  Defendants have lodged a blanket objection to the relevance of any of Ms.

Goldberg's testimony and, separately, to the usability of her deposition testimony in lieu of live

trial testimony.  For the reasons explained herein, the Court should overrule Defendants'

objections.

## ARGUMENT

### I.      Ms. Goldberg's Testimony Is Relevant to Both the FTCA and the *Bivens* Claims, As This Court Has Already Held

Ms. Goldberg is a retired Department of Justice lawyer who appears to have been in a

supervisory position over the branch that has handled this case for decades.  Goldberg

Deposition Tr. at 7, 9.  When the Court directed that the Rule 30(b)(6) deposition go forward, Ms.

Goldberg was paid an hourly fee and spent about 200 hours studying the facts of the case in

preparation for giving the testimony identified in the Rule 30(b)(6) notice.  *Id.* at 17–18.

Counsel for the United States produced Ms. Goldberg to testify.  *Id.* at 14–15.  In her testimony,

Ms. Goldberg acknowledged that she was designated to speak for the United States on the topics

identified and she understood that her testimony was binding on the United States.  *Id.*; *see also*

*McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999) (Rule 30(b)(6)

"allows an entity … to speak through its designated agents, [and] the agents' statements

generally are admissible as an admission of the entity").

Ms. Goldberg's testimony on behalf of the United States about the United States' asserted

factual basis for probable cause is unquestionably relevant to Moore's FTCA claim against the

United States.  The absence of probable cause is an element of that claim, *see Moore v. United*

*States*, 213 F.3d 705, 710 (D.C. Cir. 2000) ("*Moore II* "), and hence a "fact … of consequence in

determining the action," Fed. R. Evid. 401(b).  And Ms. Goldberg's testimony—about, for

instance, what facts, including exculpatory facts, were known to Defendants; when those facts

became known; at what alleged conduct various allegations contained in the indictment are directed; whether certain criminal charges were contingent on others; what facts the United States perceived as probative of Moore's alleged guilt; and so forth—plainly has a "tendency to make more or less probable" whether the government lacked probable cause to prosecute Moore. Fed. R. Evid. 401(a).

Ms. Goldberg's testimony is likewise relevant to Moore's *Bivens* claim against the individual inspectors, and there is therefore no merit to Defendants' request that Ms. Goldberg's testimony be given outside the presence of the jury trying the *Bivens* claim.[1]  Indeed, a prior opinion of this Court held that Ms. Goldberg's testimony is relevant to both claims.  That prior ruling constitutes the law of the case:  Defendants offer no justification for disturbing it, and it is plainly correct.

In 2006, the Supreme Court, overruling the D.C. Circuit on this point, held that the absence of probable cause is an affirmative element of Moore's *Bivens* claim against the individual postal inspector defendants, just as it is in the FTCA malicious prosecution claim.  *See Hartman v. Moore*, 547 U.S. 250, 265–66 (2006).  On remand, over Defendants' objection, Moore sought, and this Court ordered, a Rule 30(b)(6) deposition of the United States.  *See* Mem. Op. Granting Mot. to Compel, Mar. 27, 2007 (Dkt. No. 336) (Ex. B hereto).  The opinion ordering the deposition was premised on the Court's correct view of the testimony as relevant to *both* the FTCA claim and the *Bivens* claim.  Specifically, the Court held that "the probable cause inquiry has always been a relevant inquiry" for the FTCA claim, but that after the Supreme Court's decision in *Hartman*—which dealt *solely* with the *Bivens* claim, *see Hartman,* 547 U.S.

---

[1] Given the substantial overlap between the two claims, Moore's position is that there is no evidence relating to the FTCA claim that is not likewise relevant to the *Bivens* claim and, therefore, no occasion for the Court to hear any testimony outside of the presence of the jury.

at 252—that inquiry "occupies exceptional prominence" and is a "decisive element" to the

*Bivens* claim as well.  *See* Mem. Op. at at 7.  "Having contributed to a changed legal landscape

through its success at the Supreme Court," this Court explained, "the defendant is in no position

to decry the plaintiff's … refreshed discovery focus," *id*. at 6–7, or deprive Moore of "the

relevant information [he] now seeks," *id.* at 8.

Defendants offer no justification for revisiting this determination, but nevertheless

contend that the entirety of Ms. Goldberg's testimony is inadmissible against the individual

defendants because "her testimony is not *binding* on the[m]."  Letter from J. Bartolotto to P.M.

Pohl, May 1, 2014, at 2 (Ex. C hereto) (emphasis added).  This argument is a red herring.  In this

case, the United States of America, acting through its Department of Justice, at the urging of the

U.S. Postal Service, acting through these five defendants, brought an indictment and formal

criminal charges against plaintiff Bill Moore.  The contentions of and positions taken by the

United States, testified to by Ms. Goldberg, are clearly relevant in trying the case against the

Inspectors, who are federal law enforcement officers.  They cannot disavow or run from the

evidence offered by their employer.

The question is therefore not whether Ms. Goldberg's testimony is a "binding" admission

as to the individual inspectors, but rather whether it is *relevant* to the *Bivens* claims against them.

And on that question, this Court's prior understanding of the dual relevance of the testimony to

the absence of probable cause—after *Hartman*, a "fact … of consequence" (Fed. R. Evid. 401(b))

for both claims—is undoubtedly correct.  The United States is not only a defendant on the FTCA

claim, but, as the individual defendants' employer, it is also a material witness to the same

underlying events on the *Bivens* claim against them.  Again, Ms. Goldberg testified about matters

with a "tendency to make more or less probable" (Fed. R. Evid. 401(a)) that the government

lacked probable cause to prosecute Moore:  for instance, about what facts, including exculpatory facts, were known to Defendants and when; at which alleged conduct various allegations contained in the indictment are directed; whether certain criminal charges were contingent on others; what facts the United States perceived as probative of Moore's alleged guilt; and so forth. Surely, this sworn testimony of the entity that brought the prosecution and employed the individual inspectors to help it do so is relevant to both claims.[2]

Finally, where, as here, the United States provides counsel to the individual defendants, counsel defends its multiple representations as proper, and the individual defendants—who worked as a concerted group—will be indemnified, those defendants are now estopped from raising such objections.  Presumably after being properly advised about and consenting to the multiple representation for years, counsel and the individual defendants are not now free to object to the testimony of the employer with whom they have aligned themselves, who has provided them with counsel and apparently directed the defense.  As such, the individual defendants cannot run from the positions taken by their employer, the United States, as they seemingly want to do, just because there is a another consolidated claim pending against it.

---

[2] The Government's contention that Ms. Goldberg is not a "percipient witness" (*see* Ltr. from J. Bartolotto to P. M. Pohl, May 1, 2014, at 2) is both of no legal consequence and a problem of their own making.  As a Rule 30(b)(6) designee, Ms. Goldberg testified "vicariously for the [government] as to *its* knowledge and perceptions."  *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N. D. Ill. 2011); *see also McKesson*, 185 F.R.D. at 79 ("designee of the receiving entity should not only testify about matters within his or her own personal knowledge, but also about matters which the receiving entity has reasonable knowledge and access").  Such testimony is admissible.  And, in any event, Ms. Goldberg's lack of personal knowledge is a problem of Defendants' own making, since the government rejected Moore's offer of the opportunity to designate portions of AUSA Valder's testimony as its Rule 30(b)(6) testimony.

## II.     Use of Ms. Goldberg's Deposition Testimony Is Authorized by Rule 32(a)

The use of Ms. Goldberg's deposition testimony in lieu of her live testimony is expressly permitted by Federal Rule of Civil Procedure 32(a), notwithstanding Defendants' objection to the use of the deposition testimony on the ground that Moore has "failed to demonstrate the unavailability of the witness."  Joint Pretrial Statement Annex E at 27.  This objection reflects a profound misunderstanding of the Rule.

Under Rule 32(a), if the party against whom the deposition is introduced "was present or represented at the taking of the deposition" and the testimony "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying live," Fed. R. Civ. P. 32(a)(1), then "[a]n adverse party may use *for any purpose* the deposition of a party," Fed. R. Civ. P. 32(a)(3) (emphasis added).  *See also Zimmerman v. Safeway Stores, Inc.*, 410 F.2d 1041, 1044 n.5 (D.C. Cir. 1969) (rule "means that the deposition of an adverse party may be introduced as original evidence").[3]  The same rule applies to the deposition testimony of "anyone who, when deposed, was the party's … designee under Rule 30(b)(6)," Fed. R. Civ. P. 32(a)(3), "since [such a] deposition is in substance and effect that of the … organization which is a party," *id.* advisory committee's note to 1970 amendment.  *See also* 8A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2145 (3d ed. 2008 & West Supp. 2014) [hereinafter Wright & Miller].

Contrary to Defendants' objections, under Rule 32(a)(3), "[t]he trial court … may *not* refuse to allow the deposition to be used merely because the party is available to testify in person."  8A Wright & Miller § 2145 (emphasis added).  Rather, "[i]t has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his

---

[3] *Zimmerman* involved then-Rule 26(d), which in 1970 was transferred to its current location in Rule 32(a) as part of the rearrangement of the discovery rules.  *See* Fed. R. Civ. P. 32 advisory committee's note to 1970 amendment.

adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there." *Cmty. Counselling Serv., Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963).

Under Rule 32(a)(3), therefore, there is no question that Moore may use the deposition testimony of *all* of the defendants, including of defendant United States speaking through its Rule 30(b)(6) designee Ms. Goldberg.  All of the individual defendants were represented by their Justice Department lawyers at the taking of Ms. Goldberg's deposition.  *See* Goldberg Deposition Tr. at 5–6 (Defendants' counsel stating his appearance "for the United States and the individual defendants").  And because relevant, *see supra* Part I, Ms. Goldberg's testimony would be admissible if she were present and testifying live.  Accordingly, as a party "adverse" to the defendants, Moore may use Ms. Goldberg's deposition "for any purpose," including as evidence in his case in chief against them, irrespective of whether she will be available to testify live at trial.

## CONCLUSION

Ms. Goldberg's testimony about the United States' claimed bases for probable cause is relevant—as to both the FTCA and the *Bivens* claims—on the key disputed issue of probable cause.  And her deposition testimony is usable in lieu of her live testimony "for any purpose" under Rule 32(a).  Defendants' objections should be overruled.


Dated:  June 10, 2014                          Respectfully submitted,

Amy E. Dias (D.C. Bar No. 1002623)            /s/ Christian G. Vergonis
Henry W. Asbill (D.C. Bar No. 938811)         Paul M. Pohl (admitted *pro hac vice*)
Christian G. Vergonis (D.C. Bar No. 483293)   JONES DAY
Charles T. Kotuby, Jr. (D.C. Bar No. 492416)  One Mellon Bank Center
JONES DAY                                     500 Grant Street, Suite 4500
51 Louisiana Avenue, N.W.                      Pittsburgh, PA  15219
Washington, D.C.  20001                        (T) 412.391.3939
(T) 202.879.3939                               (F) 412.394.7959
(F) 202.626.1700

Richard H. Deane Jr. (admitted *pro hac vice*)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
(T) 404.581.8502
(F) 404.581.8330

*Attorneys for Plaintiff*