UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 92-2288 (BAH) |
| v. | ) | (Consolidated with Civil Action |
| | ) | No. 93-0324 (BAH)) |
| | ) | |
| MICHAEL HARTMAN, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| WILLIAM G. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 93-0324 (BAH) |
| | ) | (Consolidated with Civil Action |
| v. | ) | No. 92-2288 (BAH)) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE USE AT TRIAL OF THE DEPOSITION TESTIMONY OF THE UNITED STATES' RULE 30(B)(6) DESIGNEE, HELENE GOLDBERG**

The Defendants object to Moore's proposal to introduce the deposition of Helene Goldberg, the Rule 30(b)(6) representative of the United States in the FTCA suit.[1] As the Government's 30(b)(6) designee, Goldberg was authorized to testify solely on behalf of the United States and on one topic only: the factual basis for the United States' contention, *in Moore's FTCA lawsuit*, that there was probable cause to indict and prosecute Moore. *Moore v.*

---

[1] The FTCA and the *Bivens* cases were consolidated on March 3, 1993. Consolidation "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). Rather, consolidated actions retain their separate character. *Id.*

*Hartman*, 241 F.R.D. 59 (D.D.C. 2007); Amended Notice of Videotaped Deposition (Exhibit 1 hereto) at 1.

Although he could have, Moore did not seek to depose the United States on the grounds relied on by the Postal Inspection Service to recommend indictment or the grounds relied on by United States Attorney's Office to initiate criminal charges against Moore. Instead, Moore simply sought what amounted to a human answer to a contention interrogatory asking the United States to identify the facts it would use to support its argument in Moore's FTCA suit that Moore could not prove absence of probable cause. Evidence from the 30(b)(6) deposition of the Government's representative in the FTCA suit is clearly not relevant and therefore is not admissible against the *Bivens* defendants.[2]

## ARGUMENT

**The testimony of the United States' 30(b)(6) representative in Moore's FTCA suit is not admissible against the Postal Inspectors in the *Bivens* action.**

Moore's argument that this Court "has already held" that Goldberg's 30(b)(6) testimony is relevant in both the FTCA and *Bivens* actions is without merit. In 2006, the Supreme Court held that absence of probable cause is an essential element of Moore's retaliatory prosecution claim, and one on which Moore bears the burden of pleading and proof. *Hartman v. Moore*, 547 U.S. 250, 265 (2006). After the Supreme Court's decision in *Hartman*, and in anticipation of the United States' motion for summary judgment, Moore moved to compel the United States to

---

[2] The Defendants further object to any attempt to call Goldberg, live or through her deposition, on the subject of "the government's practice of indemnifying officers in *Bivens* actions." Joint Pretrial Statement (Dkt. No. 438) Annex A at 5. The issue of indemnification was not a topic noticed for Goldberg's Rule 30(b)(6) deposition and, indeed, indemnification was not discussed during the deposition. Moreover, the Defendants have moved *in limine* to preclude any argument or evidence pertaining to indemnification on relevance, unfair prejudice, and other grounds. *See* Defs.' Mot. *In Limine* (Dkt. No. 419). The Defendants respectfully withdraw the Rule 32(a)(4) "unavailability" objection to Goldberg's testimony.

designate a Rule 30(b)(6) witness to testify regarding the factual basis for the Government's defense in the FTCA suit that probable cause existed to indict and prosecute Moore. *See* Pl.'s Mot. to Compel (Dkt. No. 319), attached hereto as Exhibit 2. It is beyond dispute that the discovery Moore sought was related solely to his FTCA action alleging malicious prosecution against the United States. It is also beyond dispute that the Supreme Court's decision in *Hartman*, did not change the governing legal standard for Moore's malicious prosecution claim, under which Moore has always borne the burden of proving absence of probable cause. *Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000). In support of his motion to compel, Moore argued

- "Moore seeks to use Rule 30(b)(6) for the simple and straight-forward purpose for which it was intended -- to learn the factual basis for the United States' inevitable trial contention that probable cause existed for the indictment and prosecution that forms the basis of his FTCA claim." Pl.'s Reply Br. in Supp. of Mot. to Compel (Dkt. No. 322) at 2, attached hereto as Exhibit 3.

- "Moore seeks only those relevant facts in the government's possession that bear upon what it 'contends or claims' with respect to the 'factual situation' underlying an *essential element of Moore's affirmative FTCA case*: the existence or non-existence of probable cause to prosecute." *Id.* at 6 (emphasis in original, footnote omitted)

- "[B]ecause the United States is defending this case on the grounds that the charges against Moore were supported by probable cause, a 30(b)(6) deposition is an appropriate mechanism for discovery of the factual basis for the United States' allegation that the evidence available to it at the time provided probable cause to believe that Moore was guilty of a crime." Mot. to Compel at 6.

This Court granted Moore's request to depose a government witness concerning the factual basis for the United States' probable cause defense to Moore's FTCA suit. *See* Mem. Op. (Dkt. No. 336) at 7. In authorizing Moore to proceed with a 30(b)(6) deposition, this Court had no occasion to rule on any issue related to Moore's *Bivens* claims against the Postal Inspectors. To the contrary, the sole purpose of the 30(b)(6) deposition was to permit Moore to discover the facts *on which the United States*, in the FTCA case, contends that there was probable cause to

3

prosecute Moore. Moore's assertion that the order authorizing him to proceed with a 30(b)(6) deposition in the FTCA suit constitutes "law of the case" as to the relevance of the 30(b)(6) testimony in the *Bivens* action is without merit and should be rejected.

In proposing to introduce—as evidence against the Postal Inspectors in the *Bivens* action—the testimony Goldberg provided on behalf of the United States in the FTCA suit, Moore seeks to convert a 30(b)(6) deposition, which serves a specific and limited discovery purpose, into something entirely different. The character of a 30(b)(6) deposition is substantially different than the deposition of an individual. *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002). Most critically, a 30(b)(6) deponent speaks solely for the organization, not any defendant sued in his or her individual capacity. *Sigmund v. Starwood Urban Retail VI, LLC*, 236 F.R.D. 43, 45 (D.D.C. 2006) (Rule 30(b)(6) permits a corporation or government entity "to speak through its designated agents"). The testimony of the 30(b)(6) representative is generally considered binding and "admissible as an admission of the entity." *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999). Here, Moore essentially proposes to introduce the testimony of the Government's 30(b)(6) representative as if it were testimony binding the individual Postal Inspectors. This is an improper use of the Rule. Moreover, notwithstanding the fact that the absence of probable is a common element to both the FTCA and *Bivens* actions, Goldberg's testimony regarding the *Government's* position (as an entity) on its probable cause defense in this suit is not relevant in the *Bivens* action, where liability is personal to each defendant, and where the sole focus of the probable cause inquiry is on whether the particular inspector defendant, based on the facts and circumstances known to him, "conditioned by his observations and information, and guided by

the whole of his police experience, reasonably could have believed that a crime had been committed…." *Coleman v. United States*, 420 F.2d 616, 621 (D.C. Cir. 1969).

     For these reasons, the Defendants respectfully request that the Court sustain their relevancy objections to Plaintiff's proposal to introduce Goldberg's 30(b)(6) testimony as evidence against the Postal Inspectors in the *Bivens* action. In the alternative, the Defendants request that any presentation of Goldberg's testimony be heard by the Court outside of the presence of the jury.

Dated: June 12, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director, Torts Branch, Civil Division

ANDREA W. McCARTHY
RICHARD MONTAGUE
Senior Trial Counsel

By: /s/ Reginald M. Skinner
JAMES G. BARTOLOTTO
REGINALD M. SKINNER
PAUL E. WERNER
Trial Attorneys, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record by operation of the Court's CM/ECF System.

/s/ Reginald M. Skinner
REGINALD M. SKINNER
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3111
Fax: (202) 616-4314
