UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
JUL 18 2014
Clerk, U.S. District and
Bankruptcy Courts

WILLIAM G. MOORE,

    Plaintiff,

v.

MICHAEL HARTMAN, *et al.*,

    Defendants.

Civil Action No. 92-cv-2288 (BAH)

Judge Beryl A. Howell

### INSTRUCTIONS TO THE JURY

The attached instructions were given to the jury in the trial of the captioned case on July 18, 2014.

**DATED: July 18, 2014.**

/s/ Beryl A. Howell
BERYL A. HOWELL
United States District Judge

1

JURY INSTRUCTIONS for *Moore v. Hartman et al.*, Case No. 92-CV-2288
July 18, 2014

Members of the jury, at this time, it is my duty and responsibility as the trial Judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. There is no need for you to take notes during these instructions since I will provide a copy of the instructions to you during your deliberations. After I have given you these instructions, you will return to the jury room to begin your deliberations. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note and at the end of my instructions I will give you directions on how to do that. The instructions will be returned to me when your verdict is rendered.

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

I will now review with you some of what you heard during preliminary instructions in this case about the function of the Judge and the jury in this case.

The function of the Judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The Judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses. You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

During the course of the trial, you have heard references to the terms plaintiff and defendants. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff. During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendants does not mean that the plaintiff is entitled to your verdict or that his evidence is entitled to greater weight than the defendants' evidence. A plaintiff must prove every element of his claim against the defendants by a preponderance of the evidence before he is entitled to prevail.

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of the evidence merely to return a verdict or solely because of other jurors' opinions.

JURY INSTRUCTIONS for *Moore v. Hartman et al.*, Case No. 92-CV-2288
July 18, 2014

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts or to clarify facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard the indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case. I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer—when I ordered it stricken—you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this Court.

## EVALUATION OF EVIDENCE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence. In this case, the parties have stipulated to matters that are set out in Plaintiff's Exhibit No. 538 which will be sent back with you to the jury room.

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

JURY INSTRUCTIONS for *Moore v. Hartman et al.*, Case No. 92-CV-2288
July 18, 2014

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective. The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of fact does not provide evidence of that fact, something that I have told you about several times over the course of the trial.

During this case, the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way the lawyers stated it, then you should disregard their characterization of the evidence and rely upon your own memory.

As I mentioned, it is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence. If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If the question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken. Likewise, if I sustained an objection to any exhibits, then those exhibits are not evidence and you must not consider them.

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true. If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases. Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of the evidence. In other words, merely having a greater number of witnesses or documents bearing on a version of the facts does not necessarily constitute a preponderance of the evidence. If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendants.

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him whether he produced it or his adversary produced it.

There are two types of evidence: circumstantial and direct. Two words we have heard something about. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself. You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You

should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies. In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness has had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; and whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence. If you believe that any witness has shown him or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth. You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact. If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

The lawyers have shown to you various charts and summaries to help explain the facts both during the trial and during their summations. The facts in these charts and summaries come from books, records, and other documents which are in evidence in the case. The charts or summaries themselves, however, are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary. In other words, the charts or summaries are used only as a convenience; you should disregard entirely any chart or summary that does not state the truth based on the evidence.

During the trial of this case, certain testimony has been read to you or presented by videotape. You should give to this testimony the same consideration as to its weight and credibility as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you or presented on videotape.

You have heard evidence that, after July 1986, the plaintiff declined to speak to Postal Inspectors. A person

under criminal investigation does not have an obligation to agree to be interviewed by law enforcement officials.

You heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion. Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other relevant evidence in the case.

In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court. If the witness made the prior inconsistent statement under oath subject to the penalty of perjury, then you may also treat that prior statement as evidence in the case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in the case.

If the witness was not under oath, subject to the penalty of perjury, when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court. If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

## THE PLAINTIFF'S CLAIM

The plaintiff alleges that he incurred damages that were proximately caused by the defendants' deprivation of his federal constitutional rights protected under the First Amendment. Specifically, the plaintiff makes the following claim against the five defendants, Michael Hartman, Frank Kormann, Robert Edwards, Pierce McIntosh, and Norman Robbins: that the defendants induced the prosecutor's decision to file criminal charges against him in an attempt to punish the plaintiff because he directed criticism against the U.S. Postal Service, thereby depriving the plaintiff of his rights to free expression and to petition the government for redress of grievances guaranteed by the First Amendment of the U.S. Constitution. The defendants claim that the charges were filed against the plaintiff based on probable cause and were not motivated by retaliation.

The plaintiff filed this case timely in 1991, and it has been litigated continuously since that time. You should not concern yourself with why this case has taken so long to come to trial.

JURY INSTRUCTIONS for *Moore v. Hartman et al.*, Case No. 92-CV-2288
July 18, 2014

The plaintiff has named more than one defendant in this lawsuit. The defendants are being sued as individuals. Neither the federal government nor the United States Postal Service is a defendant with respect to the claim before you. Although the individual defendants in this trial are being represented by the same counsel, each defendant deserves fair consideration of his own separate defense. Accordingly, your finding one defendant liable or not liable should have no effect on your decision about the liability of any other defendant. The instructions I give you govern the case as to each defendant to the same effect as if that defendant were the only one named in this lawsuit. If you should find that no defendant is liable to the plaintiff, then your verdict should be in favor of all defendants against the plaintiff. If you should find that not all of the defendants are liable to the plaintiff, then your verdict should be in favor of the plaintiff and against only those defendants you found liable.

Federal law provides that the plaintiff may recover damages against a defendant if the defendant, acting under color of law, deprived him of a right guaranteed by the U.S. Constitution or sought to retaliate against him for the exercise of that right. The defendants were acting under color of law when they engaged in the activities giving rise to the plaintiff's claim. The right at stake here is the right to be free from prosecution in retaliation for the exercise of First Amendment rights. To prevail on this claim against each defendant, you must find that the plaintiff has proven the following elements by a preponderance of the evidence:

> *First*, that the plaintiff engaged in activities protected by the First Amendment;
>
> *Second*, that the defendants induced the prosecutor to bring criminal charges against the plaintiff and, in doing so, the defendants were motivated at least in part by a purpose to retaliate against or deter any of the plaintiff's First Amendment-protected activities; and
>
> *Third*, that the government lacked probable cause to bring the criminal prosecution against the plaintiff.

The First Amendment to the U.S. Constitution protects every citizen's right to freedom of speech and to petition the government for redress of grievances, which means to urge the government to take (or not take) certain actions. The parties do not contest that in publicly criticizing the U.S. Postal Service the plaintiff unquestionably exercised his First Amendment rights. Consequently, the plaintiff's criticism of United States Postal Service policies and management, publicly or in the media, as well as his lobbying of the Postmaster General, the Postal Service Board of Governors, and Members of Congress, were protected by the First Amendment. Therefore, you need not concern yourself with the first element of the plaintiff's claim.

To meet his burden on the second element—retaliatory inducement of prosecution—you must find that the plaintiff has proven by a preponderance of the evidence that each defendant acted in retaliation and also induced the prosecutor to bring the charges that would not have been initiated without the defendant's urging. There are two parts to this determination.

First, you must find that the defendant you are considering acted, at least in part, with a purpose to retaliate against or deter the plaintiff's exercise of his protected First Amendment right.

Second, you must find that the defendant you are considering induced the prosecutor to file criminal charges against the plaintiff, and the prosecutor would not have filed the charges without that inducement. Inducement is defined as intentionally taking an action to convince another individual to do something that he or she would not have otherwise done. You may, but are not required, to infer that the defendants induced the prosecutor to

bring the criminal case if the plaintiff has shown that the defendants intentionally withheld evidence from the prosecutor or that they misrepresented or falsified evidence presented to the prosecutor.

To meet his burden on the third element of his claim—absence of probable cause—you must find that the plaintiff has proven by a preponderance of the evidence that the criminal charges contained in the indictment against him were not supported by probable cause. The indictment filed against the plaintiff charged him with the following crimes, for which he was either acquitted or which were withdrawn by the prosecutor at the plaintiff's criminal trial: conspiracy to defraud the United States, theft, receiving stolen property, mail fraud, and wire fraud.

The offenses for which the plaintiff was charged were dependent upon proof of the plaintiff's guilt on the charge that he conspired to defraud the United States by making illicit payments or bribes to Postal Service Governor Peter Voss in exchange for Mr. Voss's assistance in directing business from the United States Postal Service to Recognition Equipment, Inc. A "conspiracy" is an agreement by two or more persons to commit an unlawful act. A conspiracy is a kind of partnership in crime that requires: first, that during the charged time period, there was an agreement to commit an unlawful act; second, that the charged defendant knowingly joined in that agreement; and, third, that one of the people involved in the conspiracy did one of the overt acts charged.

Probable cause justifying the filing of criminal charges in an indictment exists so long as the facts and circumstances known to the prosecution at the time the charges were filed (together with the reasonable inferences from those facts) supported a reasonable belief that an offense had been committed and that the plaintiff committed it. Reasonable belief is an objective standard and exists if a reasonable person, considering the totality of the evidence known at the time of an indictment, could reasonably believe that a crime may have been committed and that the plaintiff committed it. Only the probability of criminal activity, not an actual showing, is the standard of probable cause.

Although probable cause is determined by what was known to the prosecution at the time the charges were filed, the plaintiff may also show a lack of probable cause by showing that the defendants withheld material information from the prosecutor, that, as a result, the prosecutor did not have complete information when the charges were filed, and that if the prosecutor had had the complete information he would not have filed the charges.

The fact that the criminal charges were ultimately dismissed does not necessarily mean that the charges were not supported by probable cause at the time that the prosecution was initiated.

## DAMAGES

I will now instruct you on how to award damages, but that does not mean that I have any opinion on whether or not any of the defendants should be held liable. If you find in favor of the plaintiff on the claim I have just described, then you should consider whether the plaintiff is entitled to any compensatory damages. Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damage suffered. If you find any of the defendants liable, then you may award monetary damages for any of the following items that you find the defendant's conduct proximately caused:

1. any loss of earnings or fringe benefits incurred by the plaintiff to date;
2. any lost opportunity to earn a rate of return on those lost earnings; and
3. any emotional distress which the plaintiff has suffered.

JURY INSTRUCTIONS for *Moore v. Hartman et al.*, Case No. 92-CV-2288
July 18, 2014

Each defendant is entitled to separate consideration of the plaintiff's claim against him, without regard to your decision as to the other defendants. If you find that only one defendant is liable on the plaintiff's claim resulting in injury, then you must impose damages for that injury only upon that defendant.

If you find for the plaintiff, then you must award the plaintiff a sum of money that will fairly and reasonably compensate him for all the injuries, harms, and losses that he experienced that you find were proximately caused by the defendant. When you hear the term *damages* or *monetary damages* in these instructions, that term refers to the sums of money for compensation as I have described.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

The burden of proof is upon the plaintiff to establish all elements of his compensatory damages by a preponderance of the evidence. The plaintiff must prove his compensatory damages with reasonable certainty. You may only award the plaintiff compensatory damages for injury that is not speculative. Speculative damages are those that might be possible but are remote or based on guesswork. The plaintiff does not have to prove his exact damages. However, you may award the plaintiff compensatory damages that are based on a just and reasonable estimate derived from relevant evidence.

When a person suffers an injury, that person has a duty to do all that is reasonable within his power to minimize the monetary damages. In this case the defendants claim that the plaintiff failed to reasonably minimize his monetary damages. The defendants have the burden of proving that the plaintiff has failed to take reasonable action to lessen the damages. If the defendants have proved by a preponderance of the evidence that the plaintiff has not acted as an ordinarily prudent person could or should have acted to avoid or lessen the monetary damages, then the plaintiff may not receive those monetary damages that could or should have been lessened or avoided.

In addition to compensatory damages, the plaintiff also seeks an award of punitive damages against the defendants. Punitive damages are damages above and beyond the amount of compensatory damages you may award. Punitive damages are awarded to punish the defendants for their conduct and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if the plaintiff has proved with clear and convincing evidence:
(1)     that the defendants acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff;
 AND
(2)     that the defendants' conduct itself was outrageous, grossly fraudulent, or reckless toward the plaintiff.

You may conclude that the defendants acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

If you find that the plaintiff is entitled to an award of punitive damages, then you must decide the amount of the award. To determine the amount of the award you may consider the nature of the wrong committed, the state of

mind of the defendants when the wrong was committed, the cost and duration of the litigation, and any attorney's fees that the plaintiff has incurred in this case. Your award should be sufficient to punish the defendant for his conduct and to serve as an example to prevent others from acting in a similar way.

## LOGISTICAL MATTERS

During the trial, I have permitted those jurors who wanted to do so, to take notes. You may take your notebooks with you to the jury room and use them during your deliberations, if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use. Your notes will be destroyed after the trial. No one, including myself, will ever look at them.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of this instruction.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of the courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in this case. This would unfairly and adversely impact the judicial process.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

As I mentioned, I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, I remind you

that you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict as to each defendant in this case must be unanimous.

You will be provided with a Verdict Form for use when you have concluded your deliberations. The verdict form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given to you, and nothing in the verdict form replaces or modifies the instructions about the elements which the plaintiff must prove by a preponderance of the evidence. The form is meant only to assist you in recording your verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the courtroom deputy or court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the courtroom deputy, not the court security officer, who is going to be seated outside the jury room, or me—on how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-3 or 7-2 or 8-1, or in any other fashion—whether the vote is for the plaintiff or the defendants or on any issue in the case.